O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kerry Mendoza, as an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>American Airlines, Inc., a Delaware Corporation; AMR Corporation, a business entity, form unknown; and Does 1-100, inclusive,<br><br>           Defendants. | CV 10-7617 RSWL (JCx)<br><br>**ORDER Re: Plaintiff's Motion to Remand this Action to State Court and for Attorney's Fees** [14] |

On December 14, 2010, Plaintiff Kerry Mendoza's Motion to Remand this Action to State Court and for Attorney's Fees came on for regular calendar before this Court [14]. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS** Plaintiff's Motion to

Remand this Action to State Court and **DENIES** Plaintiff's Motion for Attorney's Fees.

I. Background

Plaintiff Kerry Mendoza ("Plaintiff") first filed his Complaint on July 16, 2010 in the Superior Court of the State of California for Los Angeles County against Defendants American Airlines Inc., AMR Corporation and Does 1 through 100 ("Defendants"). Plaintiff alleged in this Complaint numerous claims against Defendants stemming from the alleged racial discrimination and harassment towards Plaintiff that took place at his workplace, and Plaintiff's eventual wrongful termination from this employment.

Defendants filed their Answer in state court on August 18, 2010, and the parties began to engage in discovery. On October 12, 2010, Defendants filed a Notice of Removal of this Civil Action on the basis of diversity jurisdiction [1]. Plaintiff subsequently filed this Motion to Remand and for Attorney's Fees on November 12, 2010 [12].

II. Analysis

1. Legal Standard

In deciding whether to remand a case, this Court must determine whether the case was properly removed to this Court. The right to remove a case from state to federal court is set forth in 28 U.S.C. § 1441. The removal statute provides in part, "[a]ny civil action brought in a State court of which the district courts

2

of the United States have original jurisdiction, may be removed by the defendant or defendants...." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions arising under federal law and over civil actions in which there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1331-1332.

Removal is timely pursuant to 28 U.S.C. § 1446 if the notice of removal is filed within thirty days of the removing defendant's receipt of a copy of a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The "first thirty-day requirement is triggered by [the] defendant's receipt of an initial pleading when that pleading affirmatively reveals on its face a basis for removal, and "if no ground for removal is evident in the pleading, the case is not removable at that stage." Harris v. Bankers Life & Casualty Co., 425 F.3d 689, 694 (9th Cir. 2005) (quotations omitted). If the case is not removable upon receipt of the initial pleading, "a notice of removal may be filed within thirty days of receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...." 28 U.S.C. § 1446(b).

In determining whether the initial pleading or subsequent document states grounds for removal on the basis of diversity jurisdiction, courts have held that the time for removal commences when the defendant is able to "intelligently ascertain" that the plaintiff's claim exceeds $75,000. See, e.g., <u>Huffman v. Saul Holdings Ltd.</u>, 194 F.3d 1072, 1078-79 (10th Cir. 1999). "The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." <u>Rippee v. Boston Mkt. Corp.</u>, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005).

The Ninth Circuit strictly construes the removal statute against removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, the burden of overcoming the "strong presumption" against removal is always on the defendant. <u>Redwood Theatres, Inc. v. Festival Enters., Inc.</u>, 908 F.2d 477, 479 (9th Cir. 1990). If at any time before final judgment, it appears that the district court lacks jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).

Section 1447(c) further states that an order remanding the case may require payment of "just costs

and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of attorney's fees is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted. While no showing of bad faith by defendants is required to impose costs and fees, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

    2. Plaintiff's Motion to Remand

Plaintiff argues that this Case should be remanded because Defendants did not properly remove this Case from state to federal court pursuant to the timing requirements set forth in 28 U.S.C. § 1446(b).[1] Defendants were served with the Complaint on July 20, 2010, but did not file the Notice of Removal of this Action with this Court, on the basis of diversity jurisdiction, until October 12, 2010 [1]. The parties do not dispute the existence of diversity, but instead when exactly it became clear that the amount in

---

[1] Plaintiff also argues that this Case should be remanded because Defendants failed to make the required showing for diversity jurisdiction in their Notice of Removal and they have waived their right to removal based on actions Defendants have taken in state court. However, because these arguments are not dispositive to the Court's determination here, they will not be addressed.

5

controversy here exceeds the jurisdictional minimum amount of $75,000.

Plaintiff argues that this removal was untimely because the Complaint affirmatively reveals on its face a basis for removal, and therefore service of the Complaint triggered the thirty-day window in which Defendants could timely remove this Action. Specifically, Plaintiff argues that while the Complaint does not state a specific amount in controversy, it does state claims for damages stemming from Plaintiff's loss of income, loss of benefits and his mental and emotional distress, as well as claims for punitive damages and attorney's fees.  Therefore, Plaintiff argues the Complaint makes it facially apparent the case exceeds the required amount in controversy, rendering Defendants' removal here untimely.

Plaintiff also argues that the removal period commenced on September 5, 2010, the date Defendants received Plaintiff's Responses to Defendants' First Set of Form Interrogatories.  Plaintiff contends these Responses indicate Plaintiff's lost income to be at $49,980 or more, and state that Plaintiff continues to suffer from mental and emotional distress. Accordingly, Plaintiff argues that these Responses were also sufficient to trigger the removal period, as Defendants at this point were able to intelligently ascertain that the amount in controversy here exceeds $75,000.

In response, Defendants argue that neither the Complaint nor the Responses affirmatively stated grounds for removal, stating they first learned the amount in controversy here exceeds $75,000 when Plaintiff sent Defendants a Statement of Damages on October 4, 2010 that claimed damages in excess of two million dollars. Defendants therefore state their Notice of Removal is not untimely, as it was filed within thirty days of receipt of the Statement of Damages.

The Court finds that the prerequisites for diversity jurisdiction were satisfied as of the July 20, 2010 service date of the Complaint, and accordingly the thirty-day period of removal commenced on that date. Therefore, Defendants' removal of this Case from state to federal court was untimely pursuant to 28 U.S.C. § 1446(b), as their Notice of Removal was filed after this thirty-day removal period.

As a threshold matter, while the Complaint does not state the specific amount in controversy here, this does not preclude a finding that the Complaint facially alleges an amount in controversy in excess of the minimum jurisdictional amount. See, e.g., Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).

Overall, the factual allegations in the Complaint, along with the types of damages Plaintiff is seeking here, made it facially apparent that the amount in controversy here exceeds the jurisdictional minimum

amount of $75,000 and therefore this initial pleading "affirmatively reveal[ed]" a basis for removal. Harris v. Bankers Life & Casualty Co., 425 F.3d 689, 694 (9th Cir. 2005). Specifically, the Complaint stated Plaintiff was seeking damages from loss of income, lost benefits and the ongoing emotional and mental distress suffered by Plaintiff since the alleged incident underlying his claim. Moreover, the Complaint seeks punitive damages and attorney's fees, both of which can be taken into account when calculating the amount in controversy. See Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).

Therefore, the fact that the Complaint states Plaintiff is seeking these types of damages made it intelligently ascertainable that the amount in controversy exceeds the minimum amount and the removal period commenced on the date Defendants were served with the Complaint. See Jellinek v. Advance Prods. & Sys., Inc., 2010 WL 3385998, at *2 (S.D. Cal. Aug. 24, 2010). See also Luckett v. Delta Airline, Inc.,171 F.3d 295, 298 (5th Cir. 1998)(finding that the amount in controversy likely exceeded $75,000 even though damages were not alleged in the complaint because the complaint sought damages for loss of property, travel expenses, pain and suffering, humiliation and inability to do work). Accordingly, Defendants filing of the October 12, 2010 Notice of Removal is untimely under 28 U.S.C.

§ 1446(b), and the Court remands this Action to state court.

The Court also finds that the September 5, 2010 service of Plaintiff's Responses to the First Set of Form Interrogatories ("Responses") on Defendants triggered the thirty-day removal period, therefore rendering Defendants' October 12, 2010 Notice of Removal untimely on these grounds as well.

A response to interrogatories constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). See Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992).

Here, Plaintiff's Responses made it intelligently ascertainable that the amount in controversy exceeds the jurisdictional amount. While these Responses do not list a specific amount in controversy, Plaintiff did specifically state the amount of income he had been receiving while employed by Defendants and the hours per week he had been working, listing his lost income as of that date at $49,980 or more with overtime wages. Moreover, Plaintiff provided to Defendants the period of time in which he would be seeking lost benefits, thirty-four weeks as of the date of the Responses, and also stated Plaintiff continued to suffer from emotional and mental distress, putting Defendant on notice that these damages would also encompass a period of time of at least thirty-four weeks. This additional

information, along with the damages and facts already alleged in the Complaint, therefore made it apparent that this Action exceeds the minimum jurisdictional amount.  See Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).

Accordingly, the prerequisites for diversity jurisdiction were satisfied as of the service date of these Responses.  Therefore, Defendants' Notice of Removal is also untimely under 28 U.S.C. § 1446(b) on these grounds, as Defendants did not file a Notice of Removal within thirty days of receipt of these Responses.

    3.   Plaintiff's Motion for Attorney's Fees

Plaintiff moves for an award of attorney's fees and costs associated with bringing this Motion for Remand, arguing an award here is appropriate because of Defendants' untimely removal.

The Court **DENIES** Plaintiff's Motion for Attorney's Fees.  The Court finds that the absence of a specific amount in controversy in either the Complaint or Plaintiff's Responses did create some ambiguity here as to the exact amount of controversy at issue in this Case.  Therefore, "given this lack of clarity it cannot be said that [D]efendants lacked an objectively reasonable basis for seeking removal." Jellinek, 2010 WL 3385998, at *3.  Moreover, Plaintiff has failed to meet his burden of proving that "unusual circumstances" are present here and that Plaintiff is therefore

entitled to an award of attorney's fees and costs. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

III.   Conclusion

For the reasons heretofore stated, the Court **GRANTS** Plaintiff's Motion to Remand, and this Action is hereby remanded back to state court. However, the Court **DENIES** Plaintiff's motion for attorney's fees because Defendants' removal of the Case was not objectively unreasonable.

DATED: December 22, 2010
**IT IS SO ORDERED.**

                        RONALD S.W. LEW
                    **HONORABLE RONALD S.W. LEW**
                    Senior, U.S. District Court Judge